FILED
2016 NOV 25 PM 3:31
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIA KAVIANI, D.M.D.

    Plaintiff,

v.                                         Case No.: 6:16cv2061-orl-41DCI

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Dr. Kia Kaviani, by and through undersigned counsel hereby files his Complaint against Defendant, Reliance Standard Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.    Plaintiff, Kia Kaviani, D.M.D. ("Dr. Kaviani"), is a citizen of Orange County, Florida and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Reliance Standard Life Insurance Company ("Reliance" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Middle District of Florida.

## III.   FACTS

3.   At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4.   At all times material, Reliance operated under an inherent structural conflict of interest because of its dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.   Dr. Kaviani was employed as a dentist with Greenberg Dental & Orthodontics ("Greenberg") and by virtue of his employment, was an eligible participant of the long-term policy at all times material to this action.

6.   The purpose of the long-term disability policy was to provide Dr. Kaviani a monthly benefit in the event he became disabled.

7.   The long-term disability policy states that Totally Disabled or Total Disability, mean, *that as a result of an Injury or Sickness, during the Elimination Period and thereafter you cannot perform the substantial and material duties of your Regular Occupation;*

(1) "Partially Disabled" and "Partial Disability" mean *that as a result of an Injury or Sickness you are capable of performing the substantial and material duties of your Regular Occupation on a part-time basis or some of the substantial and material duties on a full-time basis. If you are Partially Disabled you will be considered Totally Disabled, except during the Elimination Period; and*

(2) "Residual Disability" *means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability.*

8.   Dr. Kaviani suffers from pain and upper extremity numbness, weakness, and tingling as the result of a 2012 motor vehicle accident and cervical spine injury.

9. Dr. Kaviani is unable to perform the substantial and material duties of his Regular Occupation; he is disabled under the terms of the long-term disability policy.

10. Dr. Kaviani was forced to discontinue working in August of 2015 due to his disabling condition.

11. In accordance with the procedures set forth by the long-term disability policy, Dr. Kaviani notified Defendant that he was disabled.

12. Reliance denied Dr. Kaviani's long-term disability benefits in a letter dated March 10, 2016.

13. In support of its denial, Reliance relied on the opinion of Dr. Dan Gerstenblitt, as stated in his February 9, 2016 report and February 26, 2016 addendum report.

14. Dr. Kaviani timely appealed Defendant's decision to deny his long-term disability benefits.

15. In support of his appeal, Dr. Kaviani submitted a functional capacity evaluation ("FCE") report, a peer review report, an independent medical examination ("IME") report, a sworn statement from his treating neurologist, Dr. Marc Sharfman, declarations from his former co-workers, and progress notes from his physicians, among other evidence of disability.

16. Defendant denied Dr. Kaviani's appeal for long-term disability benefits by letter dated November 8, 2016.

17. In support of its denial, Defendant relied on the opinion of Dr. James W. Butler as stated in his October 5, 2016 report.

18. Dr. Kaviani exhausted his appeals under ERISA.

19. In denying Dr. Kaviani's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

20. The denial of Dr. Kaviani's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

21. The denial of Dr. Kaviani's disability benefits breached the fiduciary duties owed to Dr. Kaviani under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Dr. Kaviani as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

23. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

24. Defendant has refused to pay the benefits sought by Dr. Kaviani, ignoring the medical records and clear opinions of his physicians.

### V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 24 as if fully stated herein and says further that:

25. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 25 as if fully stated herein and says further that:

26. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

27. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

28. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dr. Kia Kaviani, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this __22nd__ day of November 2016.*

> *s/ Edward P. Dabdoub*
> Edward P. Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> Carter E. Meader (FBN. 116907)
> carter@longtermdisability.net
> WAGAR DABDOUB, P.A.
> 1600 Ponce de Leon Blvd., Suite 1205
> Coral Gables, Florida 33134
> Tel: (305) 754-2000
> Fax: (305) 754-2007
> *Counsels for Plaintiff, Dr. Kia Kaviani*